UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
JOHN F. CARROLL,

                          Petitioner,

      -v.-                                        9:04-CV-0307
                                                              (TJM)(DRH)
JOSEPH DAVID,

                          Respondent.
--------------------------------------------------------------------------

**APPEARANCES:**                             **OF COUNSEL:**

OFFICE OF E. STEWART JONES, JR.     GEORGE E. LAMARCHE, III, ESQ.
28 Second Street
Troy, New York 12180

HON. ANDREW M. CUOMO             FREDERICK H. WEN, ESQ.
New York State Attorney General
120 Broadway
New York, NY 10271

DAVID R. HOMER, United States Magistrate Judge

## DECISION and ORDER

### I.    BACKGROUND.

#### A.    Procedural History.

Petitioner John Carroll filed his Petition for a Writ of Habeas Corpus on March 22, 2004. Dkt. No. 1. Because his original petition was deficient, Petitioner was directed to file an amended petition. Dkt. No. 4. Petitioner filed an amended petition on May 3, 2004. Dkt. No. 5. Thereafter, this action was stayed so that Petitioner could exhaust his state court remedies on the claims set forth in his amended Petition. Dkt. No. 18. On August 30, 2006 counsel entered an appearance on Petitioner's behalf, and provide the Court with the decisions from the state courts proceedings. Dkt. No. 37. Thereafter, the Court lifted the stay in this action, and Respondent filed his Answer to

the Petition on December 28, 2006. Dkt. Nos. 42-44.

On two separate occasions Petitioner's counsel requested, and was granted, time to file a supplemental Petition.[1] Dkt. Nos. 45 and 47. However, rather than filing the supplemental Petition, Petitioner's counsel filed the pending Motion for Discovery. Dkt. No. 49. Respondent has opposed the Motion. Dkt. No. 52.

**B.   Petitioner's Claims.**

The amended Petition sets forth eight grounds for relief. *See* Dkt. No. 5. In the amended Petition, Petitioner alleges that:

(1) he was denied due process when nine charges were presented to the grand jury despite the complainant's statement containing seven charges;

(2) he was denied access to counsel while he was interrogated by the Troy Police Department;

(3) he was not afforded his *Miranda* rights;

(4) the indictment was defective due to prosecutorial misconduct, duplicitous counts, failure of the complainant to offer testimony on all elements of the offenses, and excessive time intervals between the events that hindered his ability to prepare a defense;

(5) he was subjected to double jeopardy;

(6) the prosecutor engage in misconduct including offering perjured testimony, prejudicial statements in her opening and closing statements, offering information regarding Petitioner's business in violation of a *Sandoval* ruling, tampering with evidence, offering improper testimony regarding body language, and improperly using expert testimony to bolster prosecution witnesses;

(7) he received ineffective assistance of counsel, including counsel's failure to effectively cross-examine the prosecutions' expert witnesses, failure to call expert witnesses, poor strategy in cross-examining the complainant, failure to

---

[1]It is unclear whether counsel seeks to file a supplemental Petition or a supplemental Memorandum of Law as counsel seems to use the terms interchangeably. *See* Dkt. Nos. 45 and 47.

>   address the duplicity of the charges, failure to advise Petitioner to take a plea deal before his second trial, failure to with draw a plea in another case that resulted in Petitioner being questioned regarding the prior conviction, failure to object to the prosecutor's closing, and failure to object to the prosecutor's conduct before the jurors; and,

(8) he was subjected to vindictive sentencing, including improper enhancements, and that the pre-sentence investigation reports were inaccurate.

## II.     Petitioner's Motion for Discovery.

Petitioner's Motion for Discovery was filed on March 16, 2007.  Dkt. No. 49.  By that Motion, Petitioner' seeks production of a suicide note from the complainant, as well as her entire treatment record from Four Winds and Samaritan Hospital.  In the alternative, Petitioner seeks an evidentiary hearing "to determine the necessity of the aforementioned documents." *Id.* Petitioner also seeks his third extension of time to file a Supplemental Memorandum in support of Petitioner's Petition.  *Id.*

In support of the request for the mental health records, Petitioner argues that such documents may reveal exculpatory evidence, and failure of the prosecutor to provide it to Petitioner prior to his trial denied him due process. In the alternative, Petitioner argues that an evidentiary  hearing would be appropriate "to determine the discoverability of the suicide note."  Dkt. No. 49, page 13.

In response to the Motion, Respondent asserts that petitioner has failed to raise any claim in his amended Petition that relate to an alleged *Brady* violation that Petitioner now seeks to engage in discovery on.  Dkt. No. 52.  Respondent also notes that there has been no attempt to amend the Petition prior to this request to include such a claim, and that any such attempt would be futile because the claim does not "relate back" to any of the claims in the amended Petition. *Id.*  Respondent further argues that trial

counsel was aware of the alleged suicide note prior to trial,[2] and did not raise the issue either at trial or on direct appeal. Respondent further argues that Petitioner has wholly failed to meet the requirements of 28 U.S.C. §2254(e)(2) governing evidentiary hearings.[3]  Finally, Respondent notes the discrepancy between the request to file a supplemental Petition and a supplemental Memorandum of Law, and notes that he would consent to an extension of thirty days for counsel to file a supplemental Memorandum of Law, but does not consent to the filing of a supplemental or amended Petition.  *Id.*

---

[2]According to the exhibits annexed to the Motion papers by both parties, the complainant's mother allegedly provided the note to the hospital where the complainant was taken for treatment, and verbally advised the prosecutor of its content. The note was a topic of discussion at a December 7, 2004 pretrial hearing, and a January 4, 2001 *Sandoval/Ventimiglia* hearing.  Dkt. No. 49, Exhibit E.  Prior to Petitioner's second trial, the trial judge was provided the complainant's medical records for *in camera* review.  The Judge agreed to provide both parties with anything exculpatory and anything that involved the credibility of the witnesses for the People.  *Id.*, Exhibit A.  Thereafter, before the second trial, the trial judge provided both the prosecution and defense with a copy of the progress notes reflecting the same or similar statements as those that were reportedly contained in the note.

[3]28 U.S.C. §2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
(A) the claim relies on -
   (i) a new rule of constitutional law, made retroactive to cases on collateral
   review by the supreme Court; that was previously unavailable; or
   (ii) a factual predicate that could not have been previously discovered
   through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, a party must seek leave of Court before conducting discovery. Rule 6 states, in relevant part:

> **(a) Leave of Court Required**. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.

*Id*. at Rule 6(a). The scope of discovery to be permitted, if at all, lies in the discretion of the court. *Barry v. U.S.*, 528 F. 2d 1094 (7th Cir.), *cert. denied*, 429 U.S. 826 (1976). Moreover, as stated in the Advisory Committee Notes, "Rule 6 was 'no[t] inten[ded] to extend to habeas corpus, as a matter of right, the broad discovery provisions ... of the [Federal Rules of Civil Procedure].'" *Charles v. Artuz*, 21 F.Supp.2d 168, 169 (E.D.N.Y. 1998) (citations omitted).

The Court has throughly reviewed the amended Petition in this action. While the amended Petition references the prior motions in state court to gain access to the complainant's mental health records, the amended Petition pending before this Court does not raise a ground for relief based upon this alleged failure to disclose the mental health records. Accordingly, this Court finds no basis for the parties to engage in discovery on this issue in this proceeding. Likewise, the Court finds no basis to hold an evidentiary hearing on this issue or the discoverability of the mental health records.

Petitioner will be permitted one **final** extension of time to file a supplemental Memorandum of Law in support of the amended Petition.

WHEREFORE, it is hereby

ORDERED, that Petitioner's Motion for Discovery or in the alternative for an Evidentiary Hearing (Dkt. No. 49) is DENIED for the reasons set forth above, and it is further

ORDERED, Petitioner may file a supplemental Memorandum of Law in support of the amended Petition within **thirty (30) days** from the filing date of this Order, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  June 14, 2007

*David R. Homer*
United States Magistrate Judge