UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN F. CARROLL,

                          Petitioner,

                    V.

JOSEPH DAVID,

                          Respondent.

_____

**REPORT AND
RECOMMENDATION**

04-CV-307
(TJM /VEB)

## I. INTRODUCTION

Petitioner John F. Carroll, by and through his counsel, George E. LaMarche, III,

Esq.[1], commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner is an inmate at the Washington Correctional Facility.  In 2001, he was convicted

in a New York State court of six counts of Sexual Abuse in the First Degree and was

sentenced to a term of imprisonment.  Petitioner contends that his conviction was imposed

in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue,

Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is

presently before this Court for a report and recommendation. (Docket No. 66).

## II. BACKGROUND

**A.    State Court Proceedings**

The following factual summary is derived from the state court records.

_____

[1]Although Petitioner obtained representation by Attorney LaMarche as of August 23, 2006, his
original and amended petition in this action were drafted while acting *pro se*.  (Docket No. 37).

### 1.    Indictment and Initial Trial

In 1997, Petitioner was indicted for six counts of sexual abuse in the first degree and three counts of rape in the first degree based on allegations by his then 13-year-old stepdaughter ("Victim")[2].   In 1999, the jury found Petitioner guilty of all nine counts. However, in 2000, the New York Court of Appeals reversed the convictions.  People v. Carroll, 95 N.Y.2d 375 (2000).  The Court of Appeals found that the evidence against Petitioner was legally insufficient to support his rape convictions and dismissed those counts.  Id. at 383-85.   Additionally, they ordered a new trial for Petitioner's remaining sexual abuse charges.  Id. at 388.

### 2.    State Court Re-Trial Proceedings

In January of 2001, Petitioner proceeded to retrial before the Honorable Patrick McGrath, Rensselaer County Court Judge.  Petitioner was represented by Michael L. Koenig, Esq.  At the conclusion of the re-trial, the jury found Petitioner guilty of the six D felony sexual abuse in the first degree counts.   (T 1/24/01 at 80-81).[3]

On February 7, 2001, Petitioner was sentenced to an indeterminate, consecutive, term of two (2) to six (6) years for counts one, two, and three of the indictment charging sexual abuse in the first degree.  For each of counts four, five, and six, Petitioner was sentenced to indeterminate, consecutive, terms of two (2) to four (4) years.  All sentences

---

[2]This Decision and Order will only refer to the victim as "Victim" in accordance with New York Civil Rights Law § 50-b, which provides that the "identity of any victim of a sex offense . . . shall be confidential."

[3]References preceded by "T" are to the transcript pages of Petitioner's retrial.  Each day of the retrial transcript is paginated separately instead of the whole trial transcript being paginated consecutively, therefore, reference to a date of the retrial is listed after the "T".

were consecutive, resulting in an total aggregate sentence of 12 to 30 years.  (S[4] at 33-34).[5]

### 3.    State Appellate Proceedings following Re-Trial

Petitioner, represented by Robert Rosenthal, Esq., appealed his conviction to the Appellate Division, Third Department, of the New York State Supreme Court.  Petitioner asserted four arguments before the Appellate Division: (1) the admission of an expert witness's testimony regarding vaginal penetration required reversal because Petitioner was not charged with penetration, and was therefore convicted by uncharged crimes; (2) the admission of expert testimony about the child sexual abuse accommodation syndrome was erroneous and required reversal; (3) the admission of testimony from police officers to the effect that Petitioner's "body language" and denials of accusations were evidence of guilt required reversal; and (4) the sentence was harsh and excessive.

In a decision issued on December 26, 2002, the Appellate Division unanimously affirmed Petitioner's conviction.  People v.Carroll, 300 A.D.2d 911, 753 N.Y.S.2d 148 (3d Dep't 2002).  Petitioner's application for leave to appeal to the Court of Appeals was denied on March 31, 2003. People v.Carroll, 99 N.Y.2d 626 (2003).

### B.  Federal Habeas Corpus Proceedings

Petitioner, acting *pro se*, commenced this action on March 22, 2004, by filing a

---

[4]References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

[5]By operation of law, Petitioner's sentence was reduced to 10 to 20 years.  (New York Penal Law "NYPL" §70.30(1)(e)(I)).

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[6] (Docket No. 1). Thereafter, Petitioner was directed to submit an amended petition. (Docket No. 4). On May 3, 2004, Petitioner submitted his Amended Petition. (Docket No. 5).

The Amended Petition asserted eight grounds for relief: (1) due process violation based upon alleged inconsistencies in Victim's grand jury testimony; (2) right to counsel was violated during police questioning; (3) Petitioner was subjected to custodial interrogation without being issued Miranda warnings; (4) the indictment was defective; (5) double jeopardy violation; (6) prosecutorial misconduct; (7) ineffective assistance of counsel; and (8) denial of due process at sentencing. (Docket No. 5).

On October 21, 2004, the Honorable David R. Homer, United States Magistrate Judge for the Northern District of New York, issued an order staying these habeas proceedings until Petitioner exhausted his claims in state court. (Docket No. 18).

On October 12, 2004, Petitioner moved pursuant to New York Criminal Procedure Law ("CPL") §440.10 to vacate his conviction and also moved pursuant to CPL §440.20 to set aside his sentence. On February 10, 2005, the state court denied his motions. (Docket No. 44, Attachment # 15).

On December 19, 2005, Petitioner, represented by E. Stewart Jones, Jr., Esq., moved for a writ of error *coram nobis* in state court, arguing that his appellate counsel was ineffective for failing to raise the claim of prosecutorial misconduct. (Docket No. 44, Attachment # 19). On February 28, 2006, the Appellate Division denied Petitioner's motion.

---

[6]As set forth above, although Petitioner obtained representation by Attorney LaMarche as of August 23, 2006, his original and amended petition in this action were drafted while acting *pro se*. (Docket No. 37).

4

(Id. at Attachment # 21). Leave to appeal to the Court of Appeals was denied on July 6, 2006.  (Id. at Attachment # 24).

On August 23, 2006, following the completion of the state court proceeding, Petitioner obtained counsel with respect to the instant case. (Docket No. 37).  The stay imposed by Judge Homer expired and on December 28, 2006, Respondent filed submissions in opposition to the Amended Petition.  (Docket Nos. 42 & 43).

By Order dated June 14, 2007, the Court granted counsel for Petitioner the opportunity to file a "supplemental Memorandum of Law in support of the amended Petition." (Docket No. 53).  Through counsel, Petitioner submitted both a "Supplemental Amended Petition" on July 13, 2007, and an additional memorandum of law asserting one new claim and one previously raised claim: (1) ineffective assistance of appellate counsel for failure to raise the claim of prosecutorial misconduct and (2) prosecutorial misconduct.  (Docket Nos. 54 & 58).

As a result, a conference was held before Judge Homer with respect to the "new amended petition."  (Docket No. 63).  Following the conference, Judge Homer ordered that Petitioner's "new amended petition which added an additional claim" be filed by the Clerk's office.  (Id.).

On August 20, 2007, Respondent filed submissions in opposition to the Supplemental Amended Petition filed by Petitioner.  (Docket No. 64, 65).  Specifically, Respondent argued that Petitioner should not be allowed to amend his petition and that it is unclear what issues Petitioner wants the Court to review.   Petitioner responded to that opposition on August 28, 2007, clarifying that only the two issues raised in the Supplemental Amended Petition were submitted for consideration and that the balance of the claims previously raised by Petitioner

5

were withdrawn. (Docket No. 65).

For the reasons that follow, this Court recommends that Petitioner's claims for habeas relief be DENIED and that his petition be DISMISSED.

## III. DISCUSSION

**A.      Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted).  The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA.  Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, <u>Whitaker v. Meachum</u>, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), and AEDPA requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>LanFranco v. Murray</u>, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. <u>Galarza v. Keane</u>, 252 F.3d 630, 635 (2d Cir. 2001); <u>Whitaker</u>, 123 F.3d at 715 n.1.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." <u>Id</u>.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." <u>Id</u>.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000)

7

(internal quotation marks omitted).

**B.     Petitioner's Claims**

Petitioner raises two claims for habeas relief in his Supplemental Amended Petition
(1) he was denied effective assistance of appellate counsel when appellate counsel failed
to raise claims of prosecutorial misconduct in (a) attacking the credibility of Petitioner without
regard to the record, (b) expressing personal opinions and inappropriate personal
information, (c) improperly bolstering the credibility of the prosecution's witnesses, (d) failing
to stay within the "four corners" of the evidence, and (e) ignoring the court's <u>Sandoval</u> ruling
and (2) prosecutorial misconduct for those instances.

Because the ineffective assistance of appellate counsel claim is essentially based
upon and, indeed, is dependent upon the merits of the prosecutorial misconduct claims, this
Court will address the alleged prosecutorial misconduct first.

**1.     Prosecutorial Misconduct**

As noted above, Petitioner asserts that his due process rights were violated by
various acts of misconduct by the prosecutor at trial.  This claim was not raised on direct
appeal and was first presented to the state courts via motion pursuant to CPL § 440.10.
The motion was denied by the trial court in a Decision and Order dated February 10, 2005.
(Docket No. 44, Attachment # 15).  The trial court noted that the prosecutorial misconduct
claim was based on material contained in the trial record and, accordingly, could have been
raised on direct appeal.  As such, the trial court denied the motion in relation to the

8

prosecutorial misconduct issues pursuant to CPL § 440.10 (2)(a)-(c).  On May 9, 2005, the

Appellate Division denied Petitioner's motion for permission to appeal from the trial court's

decision. (Docket No. 44, Attachment #18).

        **a.**    **Procedural Bar**

      The Supreme Court has held that federal courts shall "not review a question of

federal law decided by a state court if the decision of that court rests on a state law ground

that is independent of the federal question and adequate to support the judgment." Coleman

v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citations

omitted). "This rule applies whether the state law ground is substantive or procedural." Id.

(citations omitted).

      The independent and adequate state ground doctrine may bar federal habeas review

"when a state court declined to address a prisoner's federal claims because the prisoner had

failed to meet a state procedural requirement" for in such cases "the state judgment rests

on independent and adequate state procedural grounds." Id. (citing, inter alia, Wainwright

v. Sykes, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

      As noted above, the state court denied Petitioner's prosecutorial misconduct claims

pursuant to CPL § 440.10 (2), which provides for the dismissal of claims that could have

been, but were not, raised on direct appeal.  This constitutes an independent and adequate

state procedural ground, which generally raises a procedural bar to consideration of the

claims on habeas review.  See Reyes v. Keane, 118 F.3d 136, 139 (2d Cir.1997) (holding

that where the trial record provided a sufficient basis for the ineffective assistance claim

premised on trial counsel's failure to object to a jury charge, such a claim did not fall within

any of the exceptions noted by the New York courts for claims that are appropriately raised

in a collateral motion for vacatur rather than direct appellate review); Aparicio v. Artuz, 269 F.3d 77, 91 (2d Cir.2001) (holding that C.P.L. § 440.10(2)(c) barred habeas review of a claim alleging ineffective assistance for failing to object on double jeopardy grounds because defendant unjustifiably failed to raise the ineffective assistance issue on direct appeal).

### b.    Potential Cause to Excuse Default

Because there is an adequate and independent finding by the state court that Petitioner procedurally defaulted the prosecutorial misconduct claims raised in his C.P.L. § 440 motion, Petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In the present case, Petitioner appears to concede that the prosecutorial misconduct claims are procedurally defaulted, but argues that the cause exists to excuse the default. Specifically, Petitioner contends that the procedural default was caused by the ineffective assistance of appellate counsel, who failed to raise the prosecutorial misconduct claims on direct appeal.

However, to constitute cause to justify relief from the procedural default, a claim of ineffective assistance of appellate counsel must itself be properly before the habeas court. See Reyes, 118 F.3d at 140(holding that "a petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred") (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)); see also Maisonet v. Conway, No. CV-04-2860, 2007 WL 2027323, at *4 n. 21 (E.D.N.Y. July 10, 2007).

In the present case, the claim for ineffective assistance of appellate counsel was first asserted in the Supplemental Amended Petition (Docket No. 54), which was filed on July 13, 2007, long after the expiration of the statute of limitations for making such a claim.  As such, the claim would ordinarily be time-barred absent a "relation back" pursuant to Rule 15 (c) of the Federal Rules of Civil Procedure.

        c.    **Relation Back**

By statute, a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions for habeas corpus. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir.2001); Ching v. United States, 298 F.3d 174, 180-81 (2d Cir.2002).

In the present case, as noted above, because the one-year statute of limitations has long expired, the additional claim for ineffective assistance of appellate counsel, which was asserted for the first time in the Supplemental Amended Petition, will be time-barred unless it relates back to the original petition for purposes of Rule 15(c) of the Federal Rules of Civil Procedure. See Ching, 298 F.3d at 181 (2d Cir.2002) (stating that Fed.R.Civ.P. 15(c) governs the timeliness of a motion to amend submitted after § 2244(d)(1)'s statute of limitations has expired).

Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). The "relation back" principle of Rule 15(c) applies to petitions for habeas corpus. Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 815-16 (2d Cir.

11

2000).

"So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 2574, 162 L.Ed.2d 582 (2005).  However, if the proposed amended habeas petition "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" relation back is not appropriate. Id. at 648.

In the present case, this Court finds that the ineffective assistance of appellate counsel claim does arise out of a common core of operative facts and that relation back is therefore appropriate.  To wit, both the Petition (Docket No. 1) and Amended Petition (Docket No. 5), which were prepared by Petitioner acting pro se, identified the essential facts underlying the prosecutorial misconduct claims in a manner sufficient to put Respondent on notice of the factual and legal issues presented by those claims.  As such, although the ineffective assistance of appellate counsel claim is based on a new theory of relief, this Court finds that it arises from essentially the same facts as previously identified with regard to the underlying prosecutorial misconduct claims.

By virtue of the foregoing, the ineffective assistance of appellate counsel claim is properly before this Court in the sense that it is a timely claim by virtue of the relation back.  However, in order to determine whether the alleged ineffective assistance of appellate counsel constitutes "cause" to excuse the procedural default, this Court must first determine whether appellate counsel's performance was, in fact, unconstitutionally deficient. Aparicio, 269 F.3d at 91 (holding that "[a] defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's

Sixth Amendment right to counsel").  Because Petitioner's ineffective assistance argument is that appellate counsel should have raised the prosecutorial misconduct claims, this Court must determine whether appellate counsel's decision not to raise those claims fell "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### 2.    Ineffective Assistance of Appellate Counsel

As noted above, the ineffective assistance of appellate counsel claim will not constitute cause to excuse the procedural default with regard to the prosecutorial misconduct claims unless Petitioner satisfies the two-part test set forth in Strickland.

First, Petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.  Second, he must show that counsel's deficient performance prejudiced his defense.  Id. at 692.

To demonstrate prejudice, Petitioner must prove that, but for counsel's errors, there is a reasonable probability that the outcome of the appeal would have been different. Id. at 694. Failure to satisfy either requirement of Strickland 's test is fatal to a claim of ineffective assistance. See id. at 696. ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Although Strickland's two-pronged test was originally formulated to judge trial counsel's performance, it applies in the context of evaluating the effectiveness of appellate counsel's representation as well.  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994). To establish that appellate counsel failed to render effective assistance, a petitioner must do

13

more than simply demonstrate that counsel omitted a non-frivolous argument, because appellate counsel is not required to raise all potentially colorable arguments. Id. (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)).

Failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented. See id. (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986)).

To establish the requisite level of prejudice resulting from appellate counsel's shortcomings, a petitioner must establish that there is a reasonable probability that the omitted "claim would have been successful before the [state's highest court]." Id. (quoting Claudio v. Scully, 982 F.2d 798, 803-05 (2d Cir.1992)); see also People v. La Hoz, 131 A.D.2d 154, 158 (App.Div. 1st Dept.1987) ("The burden lies with those raising the issue to rebut the presumption that counsel has been effective. The mere existence of an unraised issue will not suffice. A defendant must show that had the issue been raised a greater likelihood would exist that the judgment would have been reversed, or at least, modified. The right of appeal only guarantees review, not reversal."), appeal dism'd 70 N.Y.2d 1005 (N.Y.1988).

As noted above, Petitioner contends that his appellate counsel was ineffective for failing to raise various prosecutorial misconduct claims, all but one of which related to comments made by the prosecutor during her summation.[7]  The other alleged misconduct claim related to the prosecutor's decision to seat Victim in the front row of the gallery during

---

[7]Specifically, Petitioner argues that during summation the prosecutor: (1) made an improper attack on Petitioner's credibility; (2) inserted several improper expressions of her personal opinion; (3) bolstered the credibility of prosecution witnesses; (4) failed to stay within the "four corners" of the evidence; and (5) ignored the trial court's ruling regarding Petitioner's prior conviction.

summation and, apparently, to gesture toward Victim during summation.

This Court finds that appellate counsel's decision not to raise these claims did not amount to unconstitutional ineffective assistance of counsel for the following reasons.

### a.  Unpreserved Claims

As a threshold matter, the majority of the prosecutorial misconduct claims raised by Petitioner in support of his request for habeas relief were unpreserved for appellate review and, thus, very likely would not have been considered on direct appeal.

It is settled law in New York State that in order to preserve for appellate review a claim that a prosecutor committed misconduct at trial, a defendant must register a timely, specific objection to each instance of alleged impropriety with the trial court pursuant to C.P.L. § 470.05(2). The failure to do so renders the claims unpreserved and leaves the appellate court no basis to review the alleged prosecutorial misconduct. See, e.g., People v. Williams, 8 N.Y.3d 854, 855 (N.Y.2007); People v. Miles, 36 A.D.3d 1021, 27 N.Y.S.2d 348, 351 (3d Dept.2007); People v. Davenport, 35 A.D.3d 1277, 825 N.Y.S.2d 864, 865 (4th Dept.2006); People v. Aponte, 28 A.D.3d 672, 813 N.Y.S.2d 224, 225 (2d Dept.2006); People v. Jackson, 304 A.D.2d 327, 328, 756 N.Y.S.2d 580, 582 (1st Dept.2003).

New York appellate courts consistently demand fairly strict compliance with the contemporaneous objection rule, as the above-referenced New York precedent makes clear. In the present case, Petitioner's trial counsel did not lodge a contemporaneous objection to many of the comments that are the subject of prosecutorial misconduct claims.

Accordingly, appellate counsel's decision not to raise these unpreserved claims does not amount to unconstitutional ineffective assistance of counsel.  See  Clarke v. Goord, No. 07-CV-0366, 2007 WL 2324965, at *6 (E.D.N.Y. 2007) ("It cannot be unreasonable for

15

appellate counsel not to raise an unpreserved issue on appeal."); see also Aparicio, 269 F.3d at 96  (appellate counsel not ineffective for failing to raise clearly unpreserved claim); Weathers v. Conway, No. 05-CV-139S, 2007 WL 2344858, at *5 (W.D.N.Y. Aug. 15, 2007) (denying ineffective assistance of appellate counsel claim because petitioner to "demonstrate that the outcome of the appeal would have been different had an unpreserved issue been raised, where there [was] no basis to conclude that the appellate court would have considered the issue on the merits.").

### b.    Preserved Claims

Although Petitioner's trial counsel did lodge two objections to statements made during summation and moved for a mistrial based upon the prosecutor's gesturing toward the victim, appellate counsel's decision not to raise those issues on appeal did not fall "outside the wide range of professionally competent assistance."

During summation, the prosecutor sarcastically suggested that the only benefit Victim received as a result of the sexual abuse inflicted by Petitioner was "a fun trip to Four Winds."[8] (T 1/23 at 250).  Petitioner's trial counsel objected on the grounds that the trip was not in evidence and the objection was sustained.  Although it appears that the prosecutor did refer to a fact outside of evidence, Petitioner has failed to articulate any arguable prejudice arising from the brief and isolated reference to an apparently minor factual detail.

In addition, the prosecutor mentioned a prior statement made by Victim to Child Protective Services in an attempt to address an apparent inconsistency in Victim's testimony

---

[8]Investigation of Petitioner revealed that Petitioner drove victim to a recreational facility known as the "Four Winds" at which location he proceeded to sexually abuse her.  This evidence was not introduced.

regarding a conversation with her grandmother.  (T 1/23 at 254).  Petitioner's trial counsel objected that the prior consistent statement was not in evidence, but the objection was overruled.  Again, even assuming *arguendo* that this fact was not in evidence, Petitioner cannot establish any prejudice as a result of the passing reference to the prior consistent statement.

In light of the foregoing, appellate counsel's decision not to raise these two apparently minor instances of prosecutorial misconduct could reasonably have been based upon the assessment that raising such claims was unlikely to result in a reversal of the conviction. See, e.g., People v. Arroyo, 833 N.Y.S.2d 18, 19 (1st Dep't 2007) ("To the extent that the prosecutor's remarks in summation . . . may have strayed from the evidence, such comments were inconsequential and the prosecutor neither made herself an unsworn witness nor deprived defendant of a fair trial.");

Lastly, Petitioner's trial counsel moved for a mistrial after the prosecutor completed her summation and the jury had been excused.  Specifically, trial counsel offered the following argument in support of the motion:

> Judge, I will move for a mistrial again on improper prosecutorial closing.  To put the girl [Victim] in the front row is one thing.  It is an open courtroom, I understand. Repeatedly referring to her and pointing to her is unduly prejudicial prosecutorial misconduct.  That's what it is.  In fact it is egregious to keep referring to her in a case like this and plant her in the front row.  It is prosecutorial misconduct.

(T 1/23 at 295-96).

After noting that Petitioner's girlfriend had also been seated in the front row, the trial court denied the motion, stating that it was "not going to grant a mistrial based upon the prosecutor pointing towards the victim." (T 1/23 at 296).

Although the prosecutor's gesturing might have been considered an improper appeal

17

to the jury's sympathy, appellate counsel's decision not to raise this issue could have been reasonably based upon the estimation that the Appellate Division was unlikely to reverse the conviction based upon the prosecutor's gestures toward the victim during summation. See, e.g. People v. Chavez, 713 N.Y.S.2d 386, 387-88 (4th Dep't 2000) (holding that prosecutor's references in summation to the victim and the victim's friends and family were "not so egregious that defendant was thereby denied a fair trial"); People v. Laraby, 632 N.Y.S.2d 355, 356 (4th Dep't 1995) ("Although the prosecutor on summation made inflammatory comments and improperly elicited sympathy for the complainant . . . , reversal is not mandated because those comments did not deprive defendant of a fair trial.").

As noted above, the issue before this Court is not whether the above-referenced claims are meritorius *per se*, but whether appellate counsel's decision to focus on other claims was unconstitutionally ineffective.  Accordingly, it is not sufficient for Petitioner to merely demonstrate that the unraised prosecutorial misconduct claims have some arguable merit; rather, he must show that the claims were *clearly* stronger and more significant that the claims actually presented on appeal. Mayo, 13 F.3d at 533.  No such showing has been made in this particular case.

Appellate counsel diligently pursued an appeal on Petitioner's behalf, raising four (4) claims, supported by a brief spanning eighty (80) pages and containing numerous citations to the record and applicable case law.  (Docket No. 44, Attachment # 1).  The Appellate Division carefully considered the arguments raised by appellate counsel, discussing and analyzing them in a detailed decision.  People v. Carroll, 753 N.Y.S.2d 148 (3d Dep't 2002).

In sum, Petitioner has failed to show that the prosecutorial misconduct claims, many of which were unpreserved for appellate review, were clearly stronger at the time of the

18

direct appeal than the claims actually raised by appellate counsel.  Accordingly, Petitioner has not demonstrated that appellate counsel made an unreasonable judgment, as required to establish a claim of ineffective assistance of appellate counsel.  See, e.g., Jennings v. United States, 03-CV-1207, 2007 WL 2027908, at *5 (N.D.N.Y. July 11, 2007) (noting that "unless the ignored issue is clearly stronger than the arguments presented, counsel has not made an unreasonable judgment")(McAvoy, J.); Larrabee v. Smith, 14 F.Supp.2d 235, 239 (N.D.N.Y.1998) ("Generally, only when ignored issues 'are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'").

In light of the foregoing, this Court finds that appellate counsel's decision not to raise the remaining prosecutorial misconduct claims on direct appeal did not rise to the level of unconstitutional ineffective assistance of counsel.  Accordingly, the alleged ineffective assistance of appellate counsel cannot constitute cause sufficient to relieve Petitioner of the procedural bar imposed by the state courts' denial of the prosecutorial misconduct claims based upon an independent and adequate state law ground.  Likewise, Petitioner is not entitled to relief based upon the ineffective assistance of appellate counsel claim itself for the above-stated reasons.

As such, this Court finds that Petitioner's request for habeas corpus relief should be DENIED in all respects.

## IV. CONCLUSION

For the reasons stated above, the Court recommends John Carroll's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be

dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:       March 6, 2008

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE**

**OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**
Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

March 6, 2008

Victor E. Bianchini
United States Magistrate Judge