UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

JOHN F. CARROLL,

                Petitioner,

       V.

JOSEPH DAVID,

              Respondent.

―――――――――――――――――――――――

**AMENDED REPORT AND
RECOMMENDATION**

04-CV-307
(TJM /VEB)

## I. INTRODUCTION

Petitioner John F. Carroll, by and through his counsel, George E. LaMarche, III, Esq.[1], commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Washington Correctional Facility.  In 2001, he was convicted in a New York State court of six counts of Sexual Abuse in the First Degree and was sentenced to a term of imprisonment.  Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 66).

## II. BACKGROUND

**A.    State Court Proceedings**

The following factual summary is derived from the state court records.

―――――――――――――――――――

[1]Although Petitioner obtained representation by Attorney LaMarche as of August 23, 2006, his original and amended petition in this action were drafted while he was acting *pro se.*  (Docket No. 37).

### 1.     Indictment and Initial Trial

In 1997, Petitioner was indicted on six counts of sexual abuse in the first degree and three counts of rape in the first degree based on allegations made by his then 13-year-old stepdaughter ("Victim")[2].   About ten years earlier, Petitioner began dating, and later married, Victim's mother when Victim was approximately 2 ½ years old.   Petitioner separated from Victim's mother in 1993, but remained in regular contact with Victim.   In 1997, Victim told her mother that Petitioner sexually abused her, and her mother reported the abuse to the Troy Police Department.   Petitioner was then arrested and indicted.

In 1999, following trial, a jury found Petitioner guilty of all nine counts.   However, in 2000, the New York Court of Appeals reversed the convictions.   People v. Carroll, 95 N.Y.2d 375 (2000).   The Court of Appeals found that the evidence against Petitioner was legally insufficient to support his rape convictions and dismissed those counts.   Id. at 383-85.   Additionally, they ordered a new trial for Petitioner's remaining sexual abuse charges.   Id. at 388.

### 2.     State Court Re-Trial Proceedings

In January of 2001, Petitioner proceeded to retrial before the Honorable Patrick McGrath, Rensselaer County Court Judge.   Petitioner was represented by Michael L. Koenig, Esq.   At the conclusion of the re-trial, the jury found Petitioner guilty of the six D felony sexual abuse in the first degree counts.   (T 1/24/01 at 80-81).[3]

---

[2]This Report and Recommendation  will only refer to the victim as "Victim" in accordance with New York Civil Rights Law § 50-b, which provides that the "identity of any victim of a sex offense . . . shall be confidential."

[3]References preceded by "T" are to the transcript pages of Petitioner's retrial.  Each day of the retrial transcript is paginated separately instead of the whole trial transcript being paginated consecutively, therefore, reference to a date of the retrial is listed after the "T".

On February 7, 2001, Petitioner was sentenced to an indeterminate, consecutive, term of two (2) to six (6) years for counts one, two, and three of the indictment charging sexual abuse in the first degree.  For each of counts four, five, and six, Petitioner was sentenced to indeterminate, consecutive, terms of two (2) to four (4) years.  All sentences were consecutive, resulting in an total aggregate sentence of 12 to 30 years.  (S[4] at 33-34).[5]

### 3.      State Appellate Proceedings following Re-Trial

Petitioner, represented by Robert Rosenthal, Esq., appealed his conviction to the Appellate Division, Third Department, of the New York State Supreme Court.  Petitioner asserted four arguments before the Appellate Division: (1) that the admission of an expert witness's testimony regarding vaginal penetration required reversal because Petitioner was not charged with penetration, and was therefore convicted by evidence of uncharged crimes; (2) that the admission of expert testimony about child sexual abuse accommodation syndrome was erroneous and required reversal; (3) that the admission of testimony from police officers to the effect that Petitioner's "body language" and denials of accusations were evidence of guilt required reversal; and (4) that the sentence was harsh and excessive.

In a decision issued on December 26, 2002, the Appellate Division unanimously affirmed Petitioner's conviction.  People v.Carroll, 300 A.D.2d 911, 753 N.Y.S.2d 148 (3d Dep't 2002).  Petitioner's application for leave to appeal to the Court of Appeals was denied on March 31, 2003. People v.Carroll, 99 N.Y.2d 626 (2003).

---

[4]References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

[5]By operation of law, Petitioner's sentence was reduced to 10 to 20 years.  (New York Penal Law "NYPL" §70.30(1)(e)(I)).

**B.  Federal Habeas Corpus Proceedings**

Petitioner, acting *pro se*, commenced this action on March 22, 2004, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[6] (Docket No. 1). Thereafter, Petitioner was directed to submit an amended petition. (Docket No. 4). On May 3, 2004, Petitioner submitted his Amended Petition. (Docket No. 5).

In the Amended Petition, Petitioner asserts that he is entitled to habeas relief: (1) based upon a due process violation resulting from alleged inconsistencies in Victim's grand jury testimony; (2) because his right to counsel was violated during police questioning; (3) because he was subjected to custodial interrogation without being issued Miranda warnings; (4) due to a defective indictment; (5) because his double jeopardy rights were violated; (6) based upon prosecutorial misconduct; (7) due to ineffective assistance of counsel; and (8) because he was denied due process at sentencing. (Docket No. 5).

On October 21, 2004, the Honorable David R. Homer, United States Magistrate Judge for the Northern District of New York, issued an order staying these habeas proceedings until Petitioner exhausted his claims in state court. (Docket No. 18).

On October 12, 2004, Petitioner moved pursuant to New York Criminal Procedure Law ("CPL") §440.10 to vacate his conviction and also moved pursuant to CPL §440.20 to set aside his sentence. On February 10, 2005, the state court denied his motions. (Docket No. 44, Attachment # 15).

---

[6]As set forth above, although Petitioner obtained representation by Attorney LaMarche as of August 23, 2006, his original and amended petition in this action were drafted while acting *pro se*. (Docket No. 37).

On December 19, 2005, Petitioner, represented by E. Stewart Jones, Jr., Esq., moved for a writ of error *coram nobis* in state court, arguing that his appellate counsel was ineffective for failing to raise the claim of prosecutorial misconduct.  (Docket No. 44, Attachment # 19).  On February 28, 2006, the Appellate Division denied Petitioner's motion.  (Id. at Attachment # 21).  Leave to appeal to the Court of Appeals was denied on July 6, 2006.  (Id. at Attachment # 24).

On August 23, 2006, following the completion of the state court proceedings, Petitioner obtained counsel with respect to the instant case. (Docket No. 37).  The stay imposed by Judge Homer expired and on December 28, 2006, Respondent filed submissions in opposition to the Amended Petition.  (Docket Nos. 42 & 43).

By Order dated June 14, 2007, the Court granted counsel for Petitioner the opportunity to file a "supplemental Memorandum of Law in support of the amended Petition." (Docket No. 53).  Through counsel, Petitioner submitted both a "Supplemental Amended Petition" on July 13, 2007, and an additional memorandum of law asserting one new claim and one previously raised claim: (1) ineffective assistance of appellate counsel for failure to raise the claim of prosecutorial misconduct and (2) prosecutorial misconduct.  (Docket Nos. 54 & 58).

As a result, a conference was held before Judge Homer with respect to the "new amended petition."  (Docket No. 63).  Following the conference, Judge Homer ordered that Petitioner's "new amended petition which added an additional claim" be filed by the Clerk.  (Id.).

On August 20, 2007, Respondent filed submissions in opposition to the Supplemental Amended Petition.  (Docket No. 64, 65).  Specifically, Respondent argued that Petitioner

5

should not be allowed to amend his petition and that it is unclear what issues Petitioner wants the Court to review.   Petitioner responded to that opposition on August 28, 2007, clarifying that only the two issues raised in the Supplemental Amended Petition were submitted for consideration and that the balance of the claims previously raised by Petitioner were withdrawn. (Docket No. 65).

Thereafter, on March 6, 2008, this Court issued a Report and Recommendation, which recommended that Petitioner's claims for habeas relief be denied and that the Supplemental Amended Petition be dismissed.  (Docket No. 67).

Petitioner's counsel interposed objections to the Report and Recommendation, which, *inter alia*, provided additional information concerning the local significance of a statement made by the prosecutor in her summation.  (Docket No. 71).

By Decision and Order dated April 29, 2008, the Honorable Thomas McAvoy, United States District Judge, found that, with respect to the statement made by the prosecutor "Petitioner's failure to enlighten the Court of the local significance of the statement leaves open the question of whether the statement, either alone or in conjunction with other statements and conduct of the prosecutor, is sufficient to make out a viable claim for habeas relief."  (Docket No. 72 at 3).  As such, Judge McAvoy "recommitted [the matter] to [this Court] for further review of Petitioner's claims."  (Docket No. 72 at 3-4).

For the reasons that follow, and after further analysis of Petitioner's claims in light of Judge McAvoy's Decision and Order,  this Court recommends that Petitioner's claims for habeas relief be DENIED and that his petition be DISMISSED.

### III. DISCUSSION

**A.    Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted).  The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA.  Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), and AEDPA requires a Petitioner to rebut that presumption by "clear and

convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

## B.    Petitioner's Claims

Petitioner raises two claims for habeas relief in his Supplemental Amended Petition.

8

First Petitioner argues that he was denied effective assistance of appellate counsel when appellate counsel failed to raise a claim of prosecutorial misconduct based upon the prosecutor's (a) attacks on the credibility of Petitioner without regard to the record, (b) expressions of personal opinions and inappropriate personal information, (c) improper bolstering of the credibility of the prosecution's witnesses, (d) failure to stay within the "four corners" of the evidence, and (e) disregard for the court's <u>Sandoval</u> ruling.   Second, Petitioner claims that he is also entitled to habeas relief because the foregoing prosecutorial misconduct amounted to a violation of his due process rights.

Because the ineffective assistance of appellate counsel claim is essentially based upon and, indeed, is dependent upon the merits of the prosecutorial misconduct claims, this Court will address the alleged prosecutorial misconduct first.

### 1.        Prosecutorial Misconduct

Petitioner asserts that his due process rights were violated by various acts of misconduct by the prosecutor at trial.   These claims of prosecutorial misconduct were not raised on direct appeal and were first presented to the state courts via motion pursuant to a post-trial motion under CPL § 440.10.   The motion was denied by Judge Patrick McGrath in a Decision and Order dated February 10, 2005.   (Docket No. 44, Attachment # 15 or Docket No. 55-56).   The trial court noted that the prosecutorial misconduct allegations were based on material contained in the trial record and, accordingly, could have been raised on direct appeal.   As such, the trial court denied the motion in relation to the prosecutorial misconduct issues pursuant to CPL § 440.10 (2)(a),(c). (Docket No. 55 at 3).

On May 9, 2005, the Appellate Division denied Petitioner's motion for permission to

9

appeal from the trial court's decision. (Docket No. 44, Attachment #18).

      **a.**    **Procedural Bar**

The Supreme Court has held that federal courts shall "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citations omitted). "This rule applies whether the state law ground is substantive or procedural." Id. (citations omitted).

The independent and adequate state ground doctrine may bar federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement" for in such cases "the state judgment rests on independent and adequate state procedural grounds." Id. (citing, inter alia, Wainwright v. Sykes, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

As noted above, the state court denied Petitioner's prosecutorial misconduct claims pursuant to CPL § 440.10 (2)(c), which provides for the dismissal of claims that could have been, but were not, raised on direct appeal.

The denial of Petitioner's claims on this procedural basis constitutes an independent and adequate state procedural ground, which generally raises a procedural bar to consideration of the claims on habeas review.  See Reyes v. Keane, 118 F.3d 136, 139 (2d Cir.1997) (holding that where the trial record provided a sufficient basis for the ineffective assistance claim premised on trial counsel's failure to object to a jury charge, such a claim did not fall within any of the exceptions noted by the New York courts for claims that are appropriately raised in a collateral motion for vacatur rather than direct appellate review);

10

Aparicio v. Artuz, 269 F.3d 77, 91 (2d Cir.2001) (holding that C.P.L. § 440.10(2)(c) barred habeas review of a claim alleging ineffective assistance for failing to object on double jeopardy grounds because defendant unjustifiably failed to raise the ineffective assistance issue on direct appeal).

### b.      Potential Cause to Excuse Default

Because there is an adequate and independent finding by the state court that Petitioner procedurally defaulted the prosecutorial misconduct claims raised in his § 440 motion, Petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In the present case, Petitioner appears to concede that the prosecutorial misconduct claims are procedurally defaulted, but argues that cause exists to excuse the default. Specifically, Petitioner contends that the procedural default was caused by the ineffective assistance of appellate counsel, who failed to raise the prosecutorial misconduct claims on direct appeal.

However, to constitute cause to justify relief from the procedural default, a claim of ineffective assistance of appellate counsel must itself be properly before the habeas court. See Reyes, 118 F.3d at 140 (holding that "a petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred") (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)); see also Maisonet v. Conway, No. CV-04-2860, 2007 WL 2027323, at *4 n. 21 (E.D.N.Y. July 10, 2007).

In the present case, the claim for ineffective assistance of appellate counsel was first

asserted before this Court in the Supplemental Amended Petition (Docket No. 54), which was filed on July 13, 2007, long after the expiration of the statute of limitations for making such a claim.  As such, the claim would ordinarily be time-barred absent a "relation back" pursuant to Rule 15 (c) of the Federal Rules of Civil Procedure.

### c.   Relation Back

By statute, a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions for habeas corpus. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir.2001); Ching v. United States, 298 F.3d 174, 180-81 (2d Cir.2002).

In the present case, as noted above, because the one-year statute of limitations has long expired, the additional claim for ineffective assistance of appellate counsel, which was asserted for the first time in the Supplemental Amended Petition, will be time-barred unless it relates back to the original petition for purposes of Rule 15(c) of the Federal Rules of Civil Procedure. See Ching, 298 F.3d at 181 (2d Cir.2002) (stating that Fed.R.Civ.P. 15(c) governs the timeliness of a motion to amend submitted after § 2244(d)(1)'s statute of limitations has expired).

Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). The "relation back" principle of Rule 15(c) applies to petitions for habeas corpus. Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 815-16 (2d Cir. 2000).

12

"So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 2574, 162 L.Ed.2d 582 (2005).  However, if the proposed amended habeas petition "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" relation back is not appropriate. Id. at 648.

In the present case, this Court finds that the ineffective assistance of appellate counsel claim does arise out of a common core of operative facts and that relation back is therefore appropriate.  To wit, both the Petition (Docket No. 1) and Amended Petition (Docket No. 5), which were prepared by Petitioner acting *pro se*, identified the essential facts underlying the prosecutorial misconduct claims in a manner sufficient to put Respondent on notice of the factual and legal issues presented by those claims.  As such, although the ineffective assistance of appellate counsel claim is based on a new theory of relief, this Court finds that it arises from essentially the same facts as previously identified with regard to the underlying prosecutorial misconduct claims.

By virtue of the foregoing, the ineffective assistance of appellate counsel claim is properly before this Court in the sense that it is a timely claim by virtue of its relation back to the original pleadings.

However, in order to determine whether the alleged ineffective assistance of appellate counsel constitutes "cause" to excuse the procedural default, this Court must first determine whether appellate counsel's performance was, in fact, unconstitutionally deficient. Aparicio, 269 F.3d at 91 (holding that "[a] defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a

defendant's Sixth Amendment right to counsel").  Because Petitioner's ineffective assistance argument is that appellate counsel should have raised the prosecutorial misconduct claims, this Court must determine whether appellate counsel's decision not to raise those claims fell "outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## 2.    Ineffective Assistance of Appellate Counsel

The ineffective assistance of appellate counsel claim will not constitute cause to excuse the procedural default with regard to the prosecutorial misconduct claims unless Petitioner satisfies the two-part test established by the Supreme Court in Strickland v. Washington.  In other words, the ineffective assistance of appellate counsel claim will only constitute cause sufficient to excuse the default with respect to the prosecutorial misconduct claim if the ineffective assistance claim is itself meritorious.

To satisfy the Strickland test, Petitioner must first demonstrate that his "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.  Second, he must show that counsel's deficient performance prejudiced his defense.  Id. at 692.

To demonstrate prejudice, Petitioner must establish that, but for counsel's errors, there is a reasonable probability that the outcome of the appeal would have been different. Id. at 694. Failure to satisfy either requirement of Strickland 's test is fatal to a claim of ineffective assistance. See id. at 696. ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Although Strickland's two-pronged test was originally formulated to judge trial counsel's performance, it applies in the context of evaluating the effectiveness of appellate

counsel's representation as well.  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994).

To establish that appellate counsel failed to render effective assistance, a petitioner must do more than simply demonstrate that counsel omitted a non-frivolous argument, because appellate counsel is not required to raise all potentially colorable arguments. Id. (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)).   As such, failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented. See id. (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986)).

To establish the requisite level of prejudice resulting from appellate counsel's shortcomings, a petitioner must establish that there is a reasonable probability that the omitted "claim would have been successful before the [state's highest court]." Id. (quoting Claudio v. Scully, 982 F.2d 798, 803-05 (2d Cir.1992)); see also People v. La Hoz, 131 A.D.2d 154, 158 (App.Div. 1st Dept.1987) ("The burden lies with those raising the issue to rebut the presumption that counsel has been effective. The mere existence of an unraised issue will not suffice. A defendant must show that had the issue been raised a greater likelihood would exist that the judgment would have been reversed, or at least, modified. The right of appeal only guarantees review, not reversal."), appeal dism'd 70 N.Y.2d 1005 (N.Y.1988).

As noted above, Petitioner contends that his appellate counsel was ineffective for failing to raise various prosecutorial misconduct claims, all but one of which related to

comments made by the prosecutor during her summation.[7]   The other alleged misconduct claim related to the prosecutor's decision to seat Victim in the front row of the gallery during summation and, apparently, to gesture toward Victim during summation.

This Court finds that appellate counsel's decision not to raise these claims did not amount to unconstitutional ineffective assistance of counsel for the following reasons.

### a.   Unpreserved Claims

It is settled law in New York State that in order to preserve for appellate review a claim that a prosecutor committed misconduct at trial, a defendant must register a timely, specific objection to each instance of alleged impropriety with the trial court pursuant to C.P.L. § 470.05(2). The failure to do so renders the claims unpreserved and leaves the appellate court no basis to review the alleged prosecutorial misconduct. See, e.g., People v. Williams, 8 N.Y.3d 854, 855 (N.Y.2007); People v. Miles, 36 A.D.3d 1021, 27 N.Y.S.2d 348, 351 (3d Dept.2007); People v. Davenport, 35 A.D.3d 1277, 825 N.Y.S.2d 864, 865 (4th Dept.2006); People v. Aponte, 28 A.D.3d 672, 813 N.Y.S.2d 224, 225 (2d Dept.2006); People v. Jackson, 304 A.D.2d 327, 328, 756 N.Y.S.2d 580, 582 (1st Dept.2003).

New York appellate courts consistently demand fairly strict compliance with the contemporaneous objection rule, as the above-referenced New York precedent makes clear. Petitioner's trial counsel did not lodge a contemporaneous objection to many of the comments that are the subject of prosecutorial misconduct claims.  In support of the Second Amended Petition and Objections to this Court's initial Report and Recommendation,

---

[7]Specifically, Petitioner argues that during summation the prosecutor: (1) made an improper attack on Petitioner's credibility; (2) inserted several improper expressions of her personal opinion; (3) bolstered the credibility of prosecution witnesses; (4) failed to stay within the "four corners" of the evidence; and (5) ignored the trial court's ruling regarding Petitioner's prior conviction.

Petitioner's counsel spends a great deal of time discussing and highlighting alleged instances of misconduct, quoting numerous statements made by the prosecutor.  However, counsel spends much less effort addressing the fundamental, and threshold, question of whether the claims were preserved for appellate review by contemporaneous objection. This question is key because appellate counsel's decision as to whether to raise a particular claim is obviously and properly impacted if the claim is unpreserved.

In the instant case, this Court finds that appellate counsel's decision not to raise unpreserved claims of prosecutorial misconduct does not amount to unconstitutional ineffective assistance of appellate counsel.  See  Clarke v. Goord, No. 07-CV-0366, 2007 WL 2324965, at *6 (E.D.N.Y. 2007) ("It cannot be unreasonable for appellate counsel not to raise an unpreserved issue on appeal."); see also Aparicio, 269 F.3d at 96  (appellate counsel not ineffective for failing to raise clearly unpreserved claim); Weathers v. Conway, No. 05-CV-139S, 2007 WL 2344858, at *5 (W.D.N.Y. Aug. 15, 2007) (denying ineffective assistance of appellate counsel claim because petitioner failed to "demonstrate that the outcome of the appeal would have been different had an unpreserved issue been raised, where there [was] no basis to conclude that the appellate court would have considered the issue on the merits.").

### b.   Preserved Claims

Petitioner's trial counsel did lodge objections to certain statements made during summation, objected to certain questions by the prosecutor concerning Petitioner's prior convictions, and moved for a mistrial based upon the prosecutor's gesturing toward the victim.  None of these claims were raised on direct appeal.  As such, this Court must determine whether  appellate counsel's decision not to raise those issues on appeal fell

17

"outside the wide range of professionally competent assistance."

### i.   "Four Winds" Comment

During summation, the prosecutor sarcastically suggested that the only benefit Victim received as a result of the sexual abuse inflicted by Petitioner was "a fun trip to Four Winds." (T 1/23 at 250). Petitioner's trial counsel objected on the grounds that the trip was not in evidence and the objection was sustained. (Id.).

Petitioner asserted in his Memorandum of Law in Support of A Petition for a Writ of Habeas Corpus that the reference to "Four Winds" was an improper attempt by the prosecutor to bolster Victim's testimony. However, Petitioner never explained how the comment actually bolstered the testimony and did not provide this Court with information concerning the local significance of the "Four Winds" comment. (Docket No. 58 at 19-20). Later, in Petitioner's objections to this Court's Report and Recommendation, he asserted that this statement was significant because "Four Winds" is a mental wellness facility where Victim resided after she attempted suicide. (Docket No. 71 at 4, FN 1). The facility is apparently well-known in the locality where Petitioner was tried. There appears to be no dispute regarding the fact that there was no evidence introduced at trial regarding Victim's treatment at Four Winds. As such, the question becomes whether the prosecutor's brief reference to a fact not in evidence amounted to prosecutorial misconduct.

As a threshold matter, the prosecutor's statement must be viewed in the context of the trial as a whole, rather than as an isolated comment. In particular, the prosecutor's comment regarding Four Winds was made in response to a sustained and vigorous assault by Petitioner's trial counsel upon the Victim's credibility. The following is a representative quotation from defense counsel's summation:

18

I mean, what does she gain from coming in here?  We do know this: We do know that there is proof in this trial, you have heard that [Victim] was becoming increasingly jealous of the time Mr. Carroll was now devoting to one of his sons. . . We know [Victim] was screaming out for a little bit of attention, we know that. . . Maybe [Victim] wanted some attention.  Don't forget [Victim] got attention. [Victim] got a D.A., she got police, social workers, counselors.  Maybe that is, maybe she got trapped in a lie, . . . when trapped in a lie, what happens, you're trapped, you can't get out. . . one lie becomes another lie becomes another lie, and then after a while you don't even know the truth any more. . . Maybe that is why.

(T 1/23 at 182-83).

Petitioner's trial counsel further asked the jury: "[w]hy do people lie? Have you ever been lied to in your own life? Think about it.  What is the first reaction when you find out you have been lied to? Why in the world did they lie, and you know that, often times, if you have kids, you know this also.  You don't know why people lie . . . People lie and sometimes the [sic] - - sometimes I don't know why.  What I have just given you is five possible reasons: Jealousies, attention seeking.  Five reasons that would explain that."  (T 1/23 at 185).

Thereafter, when the prosecutor was speaking in summation, in response to defense counsel's statements that Victim lied for attention, the prosecutor stated:  "Yes, [Victim], she is a liar all right.  What the hell did she gain from this?  She gained a fun trip to Four Winds."  (T 1/23 at 250).  Petitioner's trial counsel objected to the "Four Winds" comment on the grounds that the prosecutor was referring to facts not in evidence.  (Id.).  The objection was sustained and the prosecutor did not return to the subject.

Although it is "clear that it is improper for a prosecutor to mischaracterize the evidence or refer in summation to facts not in evidence," United States v. Rosa, 17 F.3d 1531, 1548-49 (2d Cir.1994); accord Tankleff v. Senkowski, 135 F.3d 235, 253 (2d Cir. 1998), this Court finds that this instance of the prosecutor referring to a fact not in evidence

19

was not sufficiently prejudicial to deprive Petitioner of his right to a fair trial. The comment was brief, related to a collateral issue, and the objection of defense counsel was immediately sustained.  See McRae v. New York, 271 F.Supp.2d 402, 408 (E.D.N.Y. 2003) (denying habeas claim because "[w]here the prosecutor strayed from the four corners of the evidence objections were sustained by the trial court").

While the reference to a fact not in evidence was not proper, it must  be noted that the prosecutor's comment was not merely gratuitous, but rather was made in response to the sustained and vigorous attacks on Victim's credibility made by Petitioner's trial counsel. See Moore v. Warden, Southport Correctional Facility, 380 F.Supp.2d 321, 331 (S.D.N.Y. 2005) ("Where a prosecution comment is a rejoinder to defense counsel's comments, that factor ameliorates the effect of an objectionable prosecution comment upon the fairness of a trial."); United States v. Rivera, 22 F.3d 430, 438 (2d Cir. 1994) ("[T]he government is allowed to respond to argument that impugns its integrity or the integrity of its case.").

Further, as discussed below, in light of the strong evidence of guilt presented a trial, Petitioner cannot establish that this comment, either standing alone or considered in conjunction with the other alleged instances of prosecutorial misconduct, had a substantial and injurious influence in determining the jury's verdict.  See Osorio v. Conway, 496 F.Supp.2d 285, 302 (S.D.N.Y. 2007) ("In short, the prosecutor's arguments were supported by the evidence and were a proper response to defense counsel's arguments. While some of the statements were charged with emotion, they were not inappropriately so. Moreover, in light of the evidence, even if the prosecutor had not made the comments in question, I am not convinced that a reasonable jury would have reached a different result. Petitioner's request for relief on this ground is therefore denied.").

Indeed, the reference to "Four Winds," which was apparently well-known locally as a psychiatric facility, was just as likely to help Petitioner by undermining the Victim's credibility as it was to have prejudiced the jury against Petitioner.  Petitioner's counsel essentially argued as much in a motion for discovery before Magistrate Judge David R. Homer, in which he asserted that Petitioner should be entitled to discovery of Victim's records from her treatment at Four Winds as it was evidence "directly affecting the credibility of the prosecution's main witness who accused Petitioner of sexual abuse." (Docket No. 49 at 11).

In light of the foregoing, appellate counsel's decision not to raise this claim on appeal cannot be considered unconstitutionally ineffective.  Although the claim was properly preserved by trial counsel's objection, it is unlikely that the Appellate Division would have reversed the conviction on this basis. See People v. Arroyo, 833 N.Y.S.2d 18, 19 (1st Dep't 2007) ("To the extent that the prosecutor's remarks in summation . . . may have strayed from the evidence, such comments were inconsequential and the prosecutor neither made herself an unsworn witness nor deprived defendant of a fair trial.").

## ii.    Prior Consistent Statement

During summation, the prosecutor mentioned a prior statement made by Victim to Casey Maloney from Child Protective Services in an attempt to address an apparent inconsistency in Victim's testimony regarding an incident with her grandmother.  (T 1/23 at 254).  Petitioner's trial counsel objected that the prior consistent statement to Casey Maloney was not in evidence, the prosecutor asserted that it was, and the objection was overruled. (Id.).  A review of the record reveals that the statement to Casey Maloney was, in fact, referred to by defense counsel on his re-cross examination of Victim. (T 1/11 at

317).

Further, considering the strength of the evidence of guilt, even assuming *arguendo* that the statement was improper, Petitioner cannot establish any prejudice as a result of this brief reference to the prior consistent statement, either standing alone, or in conjuction with the other instances of alleged prosecutorial misconduct.  Lastly, as noted above, the prosecutor's comment must be considered in light of the fact that it was made in response to defense counsel's sustained and vigorous attacks on the credibility of Victim. Accordingly, Petitioner has failed to established that appellate counsel's decision not to raise this claim amounted to ineffective assistance of counsel.

### iii.    Victim Seated in Front Row

Petitioner's trial counsel moved for a mistrial after the prosecutor completed her summation and the jury had been excused.  Specifically, trial counsel offered the following argument in support of the motion:

> Judge, I will move for a mistrial again on improper prosecutorial closing.  To put the girl [Victim] in the front row is one thing.  It is an open courtroom, I understand. Repeatedly referring to her and pointing to her is unduly prejudicial prosecutorial misconduct.  That's what it is.  In fact it is egregious to keep referring to her in a case like this and plant her in the front row.  It is prosecutorial misconduct.

(T 1/23 at 295-96).

After noting that Petitioner's girlfriend had also been seated in the front row, the trial court denied the motion, stating that it was "not going to grant a mistrial based upon the prosecutor pointing towards the victim." (T 1/23 at 296).

Although the prosecutor's gesturing might have been considered an improper appeal to the jury's sympathy, appellate counsel's decision not to raise this issue could have been reasonably based upon the estimation that the Appellate Division was unlikely to reverse

22

the conviction based upon the prosecutor's gestures toward the victim during summation. See, e.g. People v. Chavez, 713 N.Y.S.2d 386, 387-88 (4th Dep't 2000) (holding that prosecutor's references in summation to the victim and the victim's friends and family were "not so egregious that defendant was thereby denied a fair trial"); People v. Laraby, 632 N.Y.S.2d 355, 356 (4th Dep't 1995) ("Although the prosecutor on summation made inflammatory comments and improperly elicited sympathy for the complainant . . ., reversal is not mandated because those comments did not deprive defendant of a fair trial.").

### iv.   **Sandoval** Ruling

Lastly, Petitioner alleges that the prosecutor ignored the trial court's Sandoval ruling. Specifically, he states that during the prosecutor's cross-examination of Petitioner, she began to cross-examine him on prior bad acts, "many of which had not resulted in felony criminal charges." (Docket No. 58 at 26).  Petitioner asserts that the prosecutor did this in "blatant disregard for the Court's Sandoval ruling."  (Id.).   Petitioner further asserts that "[a]fter she continued with this line of questioning[,] the Court finally interjected and stated, 'You are just not going to go through every one of them.  It is too prejudicial.'"  (T 1/22 at 269 (Docket No. 44, Exhibit 32)).

Petitioner's counsel does not provide the complete context for the exchange in question.  A review of the record reveals that the trial court did not "interject" or interrupt the prosecutor's questioning, rather, defense counsel objected and requested a bench conference where the trial court made the quoted statement.

A further reading of the transcript reveals that there was some discrepancy as to what the exact Sandoval ruling was.  (T 1/22 at 269-270).  In fact, the trial court stated to defense counsel, "I did say initially in that Sandoval rule that she could get into the

23

underlying facts which would be nine felony complaints and there was," which indicated that the prosecutor had not done anything improper with respect to his ruling.  (Id.).   The trial court went on to state "I am trying to recall the exact ruling on the Sandoval."  (Id. at  272).

Eventually, the trial court stated "[s]o what we will do here is, you are not to cross him on anything else regarding his conviction, okay? So I am going to try to cure this defect, if it is a defect."  (Id. at 275).   The trial court then took a recess to review the Sandoval hearing transcript and then stated to defense counsel "I - - - look, I think, you know, I don't think the D.A. has violated my Sandoval ruling, but what I am going to do  . . .  I think that was my ruling that [the prosecutor] could get into felony complaints.  I will change that  a little now to the benefit of defendant.  I am not going to let you cover any more felony complaints."  (Id. at 280).

Upon a full review of the transcript and considering the fact the trial court did not even think the prosecutor violated his Sandoval ruling, there is no factual basis for Petitioner's assertion that the prosecutor asked questions "[i]n blatant disregard for the Court's Sandoval ruling." (Docket No. 58 at 26).  Further, after breaking for the evening, the trial court stated the next day that he had reviewed the record and there was no Sandoval violation and no prejudice to Petitioner.  (T 1/23 at 3-4).

Accordingly, in light of the trial court's finding and repeated reference to the fact that the prosecutor had not violated the Sandoval ruling, this Court finds that appellate counsel was not ineffective for choosing not to raise this issue that has no factual basis in the record on direct appeal.  Further, Petitioner has neither alleged nor established that the trial court's Sandoval ruling was itself improper or rising to the level of a constitutional violation.

24

See  Whittman v. Sabourin, No. 00 Civ. 2867, 2001 WL 687369, at *5 (S.D.N.Y. June 18,

2001) (noting that "the admission of a prior conviction to impeach a defendant is an

evidentiary ruling and is only redressable in a federal habeas corpus petition if petitioner

can show that the particular errors were of constitutional magnitude"); Collins v. Scully, 755

F.2d 16, 18 (2d Cir.1985) (holding that alleged evidentiary error must be "so pervasive as

to have denied [petitioner] a fundamentally fair trial").

### v.    Cumulative Effect of Alleged Prosecutorial Misconduct

Lastly, this Court must consider whether the cumulative effect of the alleged

prosecutorial misconduct deprived Petitioner of a fundamentally fair trial.

A review of the record reveals that the prosecutor's conduct during trial and, in

particular, her summation was characterized by passionate advocacy and, at times, a

caustic tone. To a degree, some emotion is to be expected given the heinous nature of the

crimes charged.  While a "prosecutor should not use arguments calculated to inflame the

passions or prejudices of the jury," it is "impossible to expect that a criminal trial shall be

conducted without some showing of feeling; the stakes are high, and the participants are

inevitably charged with emotion." United States v. Young, 470 U.S. 1, 8, 10, 105 S.Ct.

1038, 84 L.Ed.2d 1 (1985) (quoting the ABA Standards for Criminal Justice 3-4.8 (2d

ed.1980) and United States v. Wexler, 79 F.2d 526, 529-30 (2d Cir.1935)); see also

McRae, 271 F.Supp.2d at 408 (denying habeas relief although "the sarcastic and belittling

tone employed by the prosecutor during his summation was inappropriate").

When considering the propriety of the prosecutor's conduct and particularly the tone

and tenor of her summation, it must be noted that the trial atmosphere was certainly

impacted by the vigorous defense maintained by Petitioner's trial counsel, which included

repeated and scathing attacks on the Victim's credibility and the strengths of the prosecution's case.  United States v. Tocco, 135 F.3d 116, 130 (2d Cir.1998) ("Defendant cannot now complain about the issues raised and the atmosphere created by his own making through the defense summation.").

Assuming *arguendo* that the prosecutor's conduct was improper, Petitioner cannot establish that the conduct deprived him of a fundamentally fair trial.  In order to overturn a conviction, the habeas court must find that the prosecutor's conduct constituted more than mere trial error and instead was so egregious as to violate the petitioner's due process rights. See Donnelly v. DeChristoforo, 416 U.S. 637, 647-48 (1974); Floyd v. Meachum, 907 F.2d 347, 353 (2d Cir.1990) ("The appropriate standard of review for a claim of prosecutorial misconduct on a writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power.") (internal quotation marks and citations omitted).

"To be entitled to relief, [petitioner] must show 'that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict.'" Tankleff, 135 F.3d at 252; Bentley v. Scully, 41 F.3d 818, 823 (2d Cir.1994) ("Rarely are comments in a prosecutor's summation 'so prejudicial that a new trial is required.'").

In this case, the prosecution's proof was strong, including direct testimony from Victim describing Petitioner's sexual abuse.  This testimony was corroborated by medical evidence.  In addition, there was also testimony, elicited by the defense, from police officers regarding Petitioner's body language when questioned about the matter, which these highly experienced detectives interpreted as an indication to them that the Petitioner had

26

committed the crimes at issue.  In light of this substantial evidence of guilt, Petitioner has not established that the prosecutor's conduct had a substantial and injurious effect or influence on the jury's verdict.

In light of the testimony offered at Carroll's trial, the Court cannot find that the prosecutor's misconduct substantially prejudiced Carroll's right to a fair trial: the evidence of Carroll's guilt was compelling.

Lastly, it must be noted that the fundamental issue before this Court is *not* whether the prosecutorial misconduct claims, considered both separately and cumulatively, are meritorious *per se*, but whether appellate counsel's decision to focus on other claims was unconstitutionally ineffective.  As noted above, the prosecutorial misconduct claims are procedurally barred and may not be considered in their own right unless this Court first concludes that appellate counsel's decision not to raise the claims was unconstitutionally ineffective.

Accordingly, it is not sufficient for Petitioner to merely demonstrate that the unraised prosecutorial misconduct claims have some arguable merit; rather, he must show that the claims were *clearly* stronger and more significant than the claims actually presented on appeal. Mayo, 13 F.3d at 533.  No such showing has been made in this particular case.

Appellate counsel diligently pursued an appeal on Petitioner's behalf, raising four (4) claims, supported by a brief spanning eighty (80) pages and containing numerous citations to the record and applicable case law.[8]  (Docket No. 44, Attachment # 1).  The Appellate

---

[8]It should also be noted that Petitioner's appellate counsel, Robert Rosenthal, Esq., represented him in his appeal before the Court of Appeals after his initial conviction and successfully achieved the reversal of the Appellate Division's order affirming his original conviction.  He was more than effective in obtaining dismissal of the rape convictions and charges against Petitioner and obtained a new trial on behalf of his client with respect to the sexual abuse charges.  See People v. Carroll, 95 N.Y.2d 375, 388

Division carefully considered the arguments raised by appellate counsel, discussing and analyzing them in a detailed decision. <u>People v. Carroll</u>, 753 N.Y.S.2d 148 (3d Dep't 2002).

For the reasons discussed above, Petitioner has not established that the preserved prosecutorial misconduct claims were clearly stronger the claims actually raised on appeal. In sum, although the prosecutor's comments and conduct were perhaps close to the boundary between vigorous advocacy and misconduct, the few preserved claims of alleged misconduct were not sufficiently egregious to deprive Petitioner of a fundamentally fair trial, particularly in light of the evidence of guilt.  In addition, as discussed above, appellate counsel's decision not to raise unpreserved claims did not constitute ineffective assistance of appellate counsel.

For the foregoing reasons, this Court finds that Petitioner has not demonstrated that appellate counsel made an unreasonable judgment with regard to the issues to be raised on direct appeal, as required to establish a claim of ineffective assistance of appellate counsel.  <u>See</u>, <u>e.g.</u>, <u>Jennings v. United States</u>, 03-CV-1207, 2007 WL 2027908, at *5 (N.D.N.Y. July 11, 2007) (noting that "unless the ignored issue is clearly stronger than the arguments presented, counsel has not made an unreasonable judgment")(McAvoy, J.); <u>Larrabee v. Smith</u>, 14 F.Supp.2d 235, 239 (N.D.N.Y.1998) ("Generally, only when ignored issues 'are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'"); <u>Gonzalez v. Duncan</u>, No. 00-CV-2857, 2001 WL 726985, at *6 (E.D.N.Y. June 22, 2001) (denying habeas claim alleging ineffective assistance of appellate counsel where appellate brief reveals sound appellate strategy on

---

(2000).

part of attorney); <u>Davis v. Keane</u>, No. 99 CV 71, 2001 WL 13288, at *6 (E.D.N.Y. Jan. 4, 2001) (same), <u>aff'd</u>, No. 01-2110, 2002 WL 2009559 (2d Cir. Sept.3, 2002).

### 3.   Inability to Overcome Procedural Bar

As discussed at length above, Petitioner raises two separate, but intertwined, claims. First, he contends that his appellate counsel's failure to raise prosecutorial misconduct claims on direct appeal amounted to ineffective assistance of appellate counsel. Second, he claims that he was deprived of due process by virtue of prosecutorial misconduct. The first claim fails because appellate counsel's decision not to raise the prosecutorial misconduct claims did not rise to the level of unconstitutional ineffective assistance of counsel. As outlined above, the prosecutorial misconduct claims, many of which were unpreserved, were not clearly stronger than the claims actually raised by appellate counsel. The second claim fails because it is procedurally barred and Petitioner cannot overcome that bar.

Although Petitioner asserts that he has established cause sufficient to overcome the procedural bar based upon the ineffective assistance of appellate counsel, this Court finds that appellate counsel was not unconstitutionally ineffective. As such, because Petitioner has not established that his ineffective assistance of appellate counsel claim is meritorious, Petitioner cannot establish cause sufficient to excuse the procedural default with respect to the prosecutorial misconduct claims. <u>See</u> <u>LaMountain v. Senkowski</u>, No. 02-CV-1307, 2004 WL 5349750, at *6 (N.D.N.Y. Sep. 7, 2004) ("While the petitioner has alleged ineffective assistance of appellate counsel, such an allegation does not serve as a basis to overlook a procedural bar absent a finding of merit with regard to that claim.").

Further, because Petitioner cannot establish cause for his default, this Court need

not determine whether he can establish prejudice. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir.1985); D'Alessandro v. Fischer, No. 01 CIV. 2551, 2005 WL 3159674, at *9 n.10 (S.D.N.Y. Nov. 28, 2005) ("[a]s Petitioner has not shown cause for his default, this Court need not even reach the question of whether Petitioner can show prejudice") (citing Stepney ); Moore v. Greiner, No. 02 CIV.6122, 2005 WL 2665667, at *12 (S.D.N.Y. Oct. 19, 2005) (citing Stepney); Lutes v. Ricks, No. 02-CV-1043, 2005 WL 2180467, at *9 (N.D.N.Y. Sept. 9, 2005)(citing Stepney ) (other citation omitted); Pou v. Keane, 977 F.Supp. 577, 581 (N.D.N.Y.1997).

 Lastly, Petitioner cannot establish that a fundamental miscarriage of justice would occur absent federal court review of his procedurally barred claims.  In order to show a "fundamental miscarriage of justice," Harris v. Reed, 489 U.S. 255, 262 109 S.Ct. 1038, 103 L.Ed.2d 308, 109 S.Ct. 1038 (1989), a petitioner must demonstrate "actual innocence." in the form of newly adduced evidence.  Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); accord Washington v. James, 996 F.2d 1442, 1447 (2d Cir.1993), cert. denied, 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994); McCleskey v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Petitioner has not produced any "new evidence" to support a claim that he is actually innocent, as is required to establish that denial of the claim as procedurally barred would result in a fundamental miscarriage of justice.  See Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851 (1995).  Rather, he asks the Court to review the trial transcript absent the alleged instances of prosecutorial misconduct.  (Docket No. 58 at 29).

As such, this Court finds after further review of Petitioner's claims that Petitioner's request for habeas corpus relief should be DENIED in all respects.

## IV. CONCLUSION

For the reasons stated above, the Court recommends John Carroll's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge


DATED:      May 23, 2008

Syracuse, New York



## V. ORDERS


Pursuant  to  28  USC  §636(b)(1),  it  is  hereby  ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy

31

of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

May 23, 2008

Victor E. Bianchini
United States Magistrate Judge