**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**JOHN F. CARROLL,**

        **Petitioner,**

   **v.**                                         **9:04-CV-0307**

**JOSEPH R. DAVID,**

        **Respondent.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner John F. Carroll brought the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his conviction in New York state court on six counts of Sexual Abuse in the First Degree of a thirteen-year-old female ("the victim"). After amendments to the Petition, Petitioner's claims were limited to a claim of ineffective assistance of appellate counsel in failing to raise issues of prosecutorial misconduct on direct appeal, and a related claim of denial of due process based upon prosecutorial misconduct. The matter was referred to the Hon. Victor E. Bianchini, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The initial Report and Recommendation, dated March 6, 2008, recommended that

1

the petition be denied and the action dismissed. Rep. & Rec., dkt. # 67. Petitioner, through counsel, filed objections to the Report and Recommendation on March 24, 2008. Dkt. # 71. By Decision and Order dated April 29, 2008, the matter was recommitted to Judge Bianchini for further review in light of a statement made by the state court prosecutor in her closing argument obliquely referencing the victim's admission to a psychiatric hospital. See 04/29/08 Dec. & Ord., dkt. # 72 at 3-4.

After further review, Judge Bianchini submitted his Amended Report and Recommendation dated May 23, 2008, again recommending that Petitioner's claims be denied and that his petition dismissed. See Am. Rep. & Rec., dkt. # 73. Petitioner filed objections to the Amended Report and Recommendation, see dkt. # 75, and Respondent filed a Memorandum in Opposition to Petitioner's Objections to the Amended Report and Recommendation. Dkt. # 76.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's Report and Recommendation are lodged, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).

> The [Local Rules of the Northern District also require] that objections address specific findings and conclusions. Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. Frivolous or conclusory objections also fail to satisfy the specificity requirement. Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default.

Blunt v. Eisenschmidt, 2006 WL 2794408, at * 2 (N.D.N.Y. Spt. 25, 2006)(citations

omitted). On general objections, the Court reviews the magistrate judge's report for clear error. Id.; Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at * 2 (S.D.N.Y. Feb. 25, 2009).[1]

In is generally accepted that an argument not raised before the magistrate judge is waived and cannot be asserted for the first time before the district court. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.")(collecting cases); Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"); Burden v. Astrue, 588 F. Supp.2d 269, 279 (D. Conn. 2008)("Issues not raised before the Magistrate Judge, and therefore not addressed by her, may not properly be deemed 'objections' to the Recommended Ruling. If this court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling

---

[1]The Southern District wrote in Frankel:

> The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y.1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.30, 2002).

2009 WL 465645, at * 2.

has issued to advance additional arguments. Consequently, this argument is barred and the court will not consider it.")(citing Forman v. Artuz, 211 F. Supp.2d 415, 419 (S.D.N.Y. 2000)); see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d. Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has 'no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.'") (citations omitted).

After reviewing the Report and Recommendations, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Petitioner's objections to the Amended Report and Recommendation are, for the most part, conclusory arguments restating the same arguments made to the magistrate judge.   To the extent that Petitioner's objections merely reiterate his prior arguments and do not address specific findings or conclusions from Magistrate Judge Bianchini's Amended Report, the Court has reviewed Magistrate Judge Bianchini's recommendation for clear error and finds none.  Even applying *de novo* review to these issues, the Court adopts the recommendation for the reasons stated in the Report Recommendation.

The specific objection raised by Petitioner concerns the state court prosecutor's statement referencing the victim's stay at the Four Winds psychiatric hospital.  Although a Four Winds statement was raised to the magistrate judge in connection with the prosecutor's summation, Petitioner now points to the prosecutor's opening statement

during which the prosecutor also mentioned the victim's Four Winds hospitalization.  To the extent that the reference to the prosecutor's opening statement is an attempt to raise a new claim, the claim is deemed waived.

To the extent the reference to the opening statement is an attempt to buttress the arguments presented to the magistrate judge, the argument is rejected.  As Respondent points out, Petitioner's trial counsel did not object to the prosecutor's "Four Winds" reference in the opening statement.  For reasons discussed by Magistrate Judge Bianchini, Petitioner's appellate counsel was not constitutionally ineffective for failing to raise this unpreserved claim on appeal.

Further, the reference to the victim's Four Winds hospitalization in the prosecutor's opening statement was of limited nature and appeared to be an attempt to ameliorate the expected use of this information by defense counsel.  See 01/04/01 Trans. at pp. 17-20 [dkt. #64-4 at pp. 17-20 ](In the pre-trial Sandoval/Ventimiglia hearing, the trial court allowed the defense to cross-examine the victim on a Four Winds' progress note, which contained information about why the victim had sought psychiatric treatment.).  The statement, either alone or in conjunction with the prosecutor's other statements (including her reference to Four Winds in her closing statement), did not deny Petitioner a fair trial.  Thus, the statement does not support either of Petitioner's claims.

**IV.  CONCLUSION**

Having reviewed Judge Bianchini's Amended Report and Recommendations, Petitioner's objections, and Respondent's Opposition to Petitioner's Objections, the Court adopts Magistrate Judge Bianchini's Amended Report and Recommendation for the reasons stated therein. Accordingly, it is hereby

**ORDERED** that the Petition for a writ of habeas corpus is **DENIED,** and the action is **DISMISSED.**  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, **a certificate of appealability will not issue**.

**IT IS SO ORDERED**.

Dated:March 11, 2009

Thomas J. McAvoy
Senior, U.S. District Judge